

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 16, 1939

Honorable E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Overruled by O-22...

Opinion No. 0-784
Re: Employment of relatives
by a county commissioner,
salary to be paid from
bond funds

This will acknowledge receipt of your letter of May 5, 1939, requesting an opinion from this Department, the question being framed from the contents of your letter, by the writer, as follows:

"Can a County Commissioner, supervising the expenditure of bond funds, employ, and pay persons from same, who are related to him?"

You are respectfully referred to Article 432, Revised Penal Code of the State of Texas, 1925, which provides as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this state, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any



Hon. E. P. Jennings, May 16, 1939, Page 2

office, position, clerkship, employment or
duty, of any person related within the second
degree by affinity or within the third degree
by consanguinity to the person so appointing
or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a
member, when the salary, fees, or compensa-
tion of such appointee is to be paid for, di-
rectly or indirectly, out of or from public
funds or fees of office of any kind or char-
acter whatsoever."

It has been repeatedly held by this Department
that the above article applies to the employment by the
county commissioners or the county commissioners' court
of persons related to a county commissioner within the
stated degrees of relationship.

The fact that the persons employed would be
paid from a bond issue rather than current funds of the
county would make no difference, as monies raised from
a bond issue are "public funds" within the contemplation
of the statutes.

You do not state the relationship between the
county commissioner and the persons proposed to be em-
ployed by him. For your information, we are enclosing
a copy of an opinion written by Honorable Scott Gaines,
a former Assistant Attorney General, which very ably sets
out the rules for determining the degrees of relationship.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _James Noel_
James Noel
Assistant

JN:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN